## TIM CARTER v. THE STATE.

### No. 5236.  Decided December 4, 1918.

**Assault to Murder—Aggravated Assault—Sufficiency of the Evidence.**

Where, upon trial of assault to murder, the evidence showed that the distance between the parties varied from ten to thirty steps, and that the weapon used was a shotgun loaded with small shot, there was no reversible error, and the evidence was sufficient to sustain the conviction of assault to murder.

Appeal from the District Court of Cherokee. Tried below before the Hon. Daniel Walker.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to murder and given two years in the penitentiary.

The facts show that Singletary and Shaw were playing dominoes. Appellant was requested to keep count of the game, which he did. Singletary lost three games and accused appellant of keeping a wrong statement, by which Singletary was unjustly declared the loser. This brought sharp words between them in which Singletary called appellant a son-of-a-bitch, and other opprobrious and indecent language was used which we deem unnecessary to state. Singletary followed appellant out of the house. Appellant went to his place of residence a short distance away, secured a shotgun and returned. Singletary was outside of the house in the street with two other parties as appellant approached. The testimony is in conflict as to whether Singletary approached appellant with his hand in his pocket or not. Singletary swears that he did. He is corroborated in this statement by another witness. As Singletary approached appellant, appellant raised his gun and Singletary ran, and when he had gone about twenty-five or thirty steps appellant shot, striking him in the side knocking him down. The shot were small. Singletary recovered, being in bed only a few days.

There are no bills of exception incorporated in the record. The motion for a new trial was based upon the insufficiency of the evidence to

sustain the conviction for assault to murder, the contention being that the facts warranted no higher verdict than aggravated assault and battery. We are of opinion this contention can not be sustained. The distance between the two parties varied according to the evidence from ten to thirty steps, the weapon used being a shotgun loaded with small shot. Appellant testified he did not intend to kill. There is no exception to the charge. We are of opinion the evidence was sufficient to justify the jury in coming to the conclusion that appellant did intend to kill. The jury solved the matter, under the charge of the court, against appellant, and we think the testimony justified them in so deciding.

The judgment will be affirmed.

*Affirmed.*